Jonathan Yong, SBN: 310444
**Gator Law, P.C**
2 North Central Avenue, Suite 1800
Phoenix, AZ 85004
Tel: (385) 324-5471
Email: attorneys@gatorlawpc.com
**Attorney for Plaintiff,
Ricky Gibson**

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| RICKY GIBSON,<br><br>                    Plaintiff,<br><br>       v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>                    Defendant. | Case No. |

## COMPLAINT

NOW COMES Plaintiff, RICKY GIBSON ("Plaintiff"), by and through his attorneys, hereby alleging the following against Defendant EXPERIAN INFORMATION SOLUTIONS, INC. ("EXPERIAN" or "Defendant"):

**Nature of the Action**

1

1. This action arises pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

**Parties**

2. Plaintiff is a natural person at all times relevant residing in Barren County, in the City of Glasgow, in the State of Kentucky.

3. At all times relevant, Plaintiff was a "consumer," as that term is defined by 15 U.S.C. § 1681(a)(c).

4. Defendant EXPERIAN is a corporation conducting business in the State of Kentucky and is headquartered in Costa Mesa, California.

5. Defendant EXPERIAN is a "person," as that term is defined by a consumer reporting agency, as that term is defined 15 U.S.C. § 1681a(b).

6. Defendant EXPERIAN is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

7. Defendant EXPERIAN furnishes such consumer reports to third parties under contract for monetary compensation.

8. Defendant EXPERIAN is a "consumer reporting agency" ("CRAs"), as that term is described in 15 U.S.C. § 1681a(f).

9. At all times relevant to this Complaint, Defendant acted through its agents, employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**Jurisdiction and Venue**

10. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

11. Venue is proper pursuant to 28 U.S.C. § 1391(b) as the conduct giving rise to this action occurred in this District because Defendant is a corporation headquartered within this District and a substantial part of the events or omissions giving rise to the herein claims occurred, or a substantial part of property that is the subject of the action is situated within this District.

**Facts**

12. Plaintiff is a consumer who is the victim of inaccurate reporting by EXPERIAN regarding the credit account that he had (the "Account"). His Account was with OneMain ("OneMain"), which was settled by the law firm Bleecker Brodey & Andrews and was paid to OneMain.

13. CRAs, including EXPERIAN, have a duty under the FCRA to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681(e)(B).

14. Further, CRAs have a duty to conduct a reasonable investigation when notified of disputed information found on a consumer credit report.

15. Further, Furnishers (persons, as that term is defined by 15 U.S.C. 1681a, that furnish information to the CRAs) are prohibited from furnishing information they know or should know is inaccurate.

16. Here, Plaintiff is a victim of inaccurate reporting regarding the Account he had with OneMain, inaccuracies found in the credit report published by Defendant. The following is a description of the inaccuracies and failures of Defendant to investigate and update its reporting of the Account in question:

17. On or about April 29, 2021, Plaintiff and Bleecker Brodey & Andrews, Attorneys at Law, on behalf of OneMain, settled the Account ending in 1666 for $12,320.00.

18. Per the terms of the settlement agreement, Plaintiff made sixteen (16) payments of $450.00, five (5) payments of $640.00, and one (1) payment of $1,920.00, with the last and final payment on January 31, 2023, fully satisfying the settlement agreement and Account.

19. On February 8, 2023, Plaintiff received a copy of his credit report from EXPERIAN.

20. To his surprise, despite Plaintiff's performance under the terms of the settlement agreement with Bleecker Brodey & Andrews, Attorneys at Law,

on behalf of OneMain, Defendant EXPERIAN inaccurately reported the Account status on the OneMain Account.

21. Specifically, EXPERIAN reported the OneMain Account status as "Account charged off. $13,922 written off. $6,998 past due as of Dec 2022" with an outstanding, past-due balance of $6,998.00. Further, the report failed to include an accurate history of the payments Plaintiff made to settle the Account.

22. EXPERIAN's failure to report the Account correctly and failure to accurately report the payment history of the Account harmed Plaintiff's credit score and would, at the least, mislead any third party reviewing Plaintiff's credit history.

23. On July 27, 2023, Plaintiff issued a dispute by mail to EXPERIAN regarding the incorrect information being reported on the Account.

24. In his dispute letter, Plaintiff disputed the incorrect entry in his credit report regarding the Account's status and the inaccurate payment history of the Account that improperly reflected his settlement payments. Plaintiff also included proof of the agreement between himself and Bleecker Brody & Andrews, Attorneys at Law, on behalf of OneMain, and proof of the payments made in satisfaction of the agreement.

25. Upon information and belief, pursuant to its obligations under the FCRA, EXPERIAN notified OneMain of Plaintiff's dispute within five days of receipt of the dispute.

26. Further, upon information and belief, EXPERIAN would have sent the documentation Plaintiff included in his dispute letter to OneMain, including the terms of the settlement agreement and proof of the payments.

27. Despite his very specific dispute and accompanying documents supporting his dispute, EXPERIAN's second report, received by Plaintiff on September 20, 2023, continued to report incorrect information regarding the Account. This credit report reported the Account rating as "C/O" ("C/O" meaning "Charge Off") until July 2023, even though the Account was paid in January 2023.

28. At the time of filing this complaint, EXPERIAN continues to report the Account incorrectly and inaccurately reports the payment history of the Account.

29. Upon information and belief, EXPERIAN continues to report this information because of its failure to conduct a reasonable investigation, including a failure to consider the documentation Plaintiff included in his dispute letter.

30. Further, after receiving Plaintiff's dispute concerning the inaccurate information of the Account, EXPERIAN is required to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintained concerning Plaintiff. 15 U.S.C. § 1681e(b).

31. If EXPERIAN had complied with its statutory duties, incorrect information concerning the Account would not have been reported despite Plaintiff's notice.

32. As a result of this conduct and action and inaction of Defendant, Plaintiff suffered damage by loss of the ability to purchase and benefit from credit and suffered mental and emotional distress.

33. Further, Plaintiff has been hesitant to apply for any new credit until this inaccuracy is resolved.

34. Because of his concern over the effects Defendant's misreporting has had on his credit, Plaintiff has been unable to apply for or obtain financing to purchase a car or house, despite the fact that Plaintiff has had the financial means to do both.

**COUNT I – EXPERIAN**
**Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681e(b)**

35. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-34.

36. After receiving Plaintiff's dispute, EXPERIAN failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

37. EXPERIAN violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report(s) and credit file(s) that EXPERIAN published and maintained concerning Plaintiff.

38. As a result of this conduct, action, and inaction of EXPERIAN, Plaintiff suffered damages and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

39. EXPERIAN's conduct, action, and inaction were willful, rendering Defendant EXPERIAN liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

40. In the alternative, EXPERIAN was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

41. Plaintiff is entitled to recover costs and attorneys' fees from EXPERIAN, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT II – EXPERIAN
### Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681i

42. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-34.

43. After receiving Plaintiff's dispute, EXPERIAN failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

44. Defendant EXPERIAN violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

45. As a result of this conduct, action, and inaction of EXPERIAN, Plaintiff suffered damages and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

46. EXPERIAN's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

47. In the alternative, Defendant EXPERIAN was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

48. Plaintiff is entitled to recover costs and attorneys' fees from Defendant EXPERIAN pursuant to 15 U.S.C. §1681n and/or §1681o.

**Prayer For Relief**

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendant for negligent or willful noncompliance with the Fair Credit Reporting Act and prays for the following:

a) Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

b) Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

c) The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

d) Any further legal and equitable relief as the court may deem just and proper in the circumstances.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Dated: 07/25/2025                    Respectfully submitted,

*/s/ Jonathan Yong*
Jonathan Yong
Gator Law, P.C
2 N Central Avenue
Suite 1800
Phoenix, AZ 85004
P: (385) 324-5471
E: attorneys@gatorlawpc.com

**Attorneys for Plaintiff,
Ricky Gibson**